UNITED STATES DISTRICT COURT
OF NEW JERSEY
-----------------------------------------------------------------------X
BERSIANA KURI,                                                                             CIVIL ACTION NO.
                              Plaintiff,

      -against-                                                                                  **COMPLAINT**

HUGO BOSS RETAIL, INC., both individually, and
d/b/a HUGO BOSS and MICHAEL MEEKS, individually,   Plaintiff Demands A
                                                                                                  Trial by Jury


                              Defendants.
-----------------------------------------------------------------------X

Plaintiff, BERSIANA KURI, as and for her Complaint against the above Defendants respectfully alleges upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and the New Jersey Law Against Discrimination ("NJLAD"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by her employer solely due to her sex and for complaining of the ongoing harassment.

### JURISDICTION AND VENUE

2. This Court has jurisdiction Pursuant to 42 U.S.C. §12101 *et*. *Seq*.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a question of Federal Law under Title VII of the Civil Rights Act of 1964.

4. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the County of Camden, State of New Jersey. Additionally, the events took place in County of Camden, New Jersey.

5. On or about September 2, 2017 Plaintiff filed charges with the EEOC against Defendants as set forth herein.

6. On or about November 29, 2017, the EEOC issued Plaintiff a Right to Sue Letter.

7. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

8. Plaintiff, BERSIANA KURI (hereinafter also referred to as Plaintiff and "KURI") is an individual female resident of the Montgomery County Pennsylvania.

9. That at all times herein mentioned, Defendant HUGO BOSS RETAIL, INC. (hereinafter collectively referred to as Defendant and "BOSS") was and still is a foreign business corporation organized and existing by virtue of the laws of the State of New-York.

10. At all times material, Defendant BOSS did and does business as HUGO BOSS.

11. At all times herein mentioned, Defendants operate stores in multiple locations, including at 2000 NJ-38 Suite #1130, Cherry Hill, NJ 08002.

12. According to Defendant's website, "If you feel passionate about fashion and lifestyle, you should see for yourself what HUGO BOSS is all about: it is an upper premium goods group that is both consistent and adaptable at the same time. It's also one of the best known fashion companies in the world."

13. That at all times material, Defendant MICHAEL MEEKS (hereinafter "MEEKS") was an employee of Defendant.

14. That at all times material, Defendant MEEKS was a Manager for Defendants at the above Cherry Hill location.

15. That at all times material, Defendant MEEKS had supervisory authority over the Plaintiff.

## MATERIAL FACTS

16. On or around May 24, 2016, Defendants hired Plaintiff as an Assistant Store Manager at the above Cherry Hill location.

17. Throughout Plaintiff's employment with Defendants, she was subjected to numerous acts of sexual harassment, sex discrimination, retaliation and hostile work environment from Defendant and her supervisors.

18. Almost immediately after she was hired, Defendant MEEKS began directing inappropriate and unlawful discriminatory conduct and comments towards Plaintiff.

19. By means of example only and not to be construed as an exhaustive list, Defendant MEEKS told Plaintiff "Women are only good for cleaning," "you are beneath me."

20. Defendant MEEKS showed less respect for Plaintiff than her male co-workers.

21. Defendant MEEKS would generally make comments intended to demean women. By means of example only, Defendant MEEKS stated on various occasions "women are worthless."

22. On or about July 2016, Plaintiff made complaints about MEEK'S comments to both the Regional Manager and Human Resources Department of defendant Hugo Boss.

23. Defendants never investigated the complaints or took appropriate action, even after Plaintiff reported the unlawful and discriminatory behavior.

24. Almost immediately after the complaints were received, Defendants removed Plaintiff's job duties and gave it to male managers.

25. By means of example only and not to be construed as an exhaustive list, scheduling was no longer Plaintiff's duty as it was before.

26. Plaintiff heard co-workers discussing the changes to Plaintiff's duties and commented that it was in retaliation for Plaintiff's complaints.

27. On or about March 7, 2017, Defendant wrongfully terminated Plaintiff in retaliation for her complaints in opposition to the above discrimination.

28. Plaintiff was later replaced by a male assistant manager.

29. That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

30. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

31. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

32. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages.

33. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

34. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

35. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

36. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender and sex.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

37. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

38. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of their employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

39. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because she opposed Defendants' unlawful employment practices.

# AS A THIRD CAUSE OF ACTION
# UNDER NEW JERSEY STATE LAW
# DISCRIMINATION

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race . . , color, national origin . . , sex.. to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

42. The full statute reads as follows: **10:5-12. Unlawful employment practices, discrimination.**
    It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:
    a.   For an employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment; provided, however, it shall not be an unlawful employment practice to refuse to accept for employment an applicant who has received a notice of induction or orders to report for active duty in the armed forces; provided further that nothing herein contained shall be construed to bar an employer from refusing to accept for employment any person on the basis of sex in those certain circumstances where sex is a bona fide occupational qualification, reasonably necessary to the normal operation of the particular business or enterprise; provided further

    that nothing herein contained shall be construed to bar an employer from refusing to accept for employment or to promote any person over 70 years of age; provided further that it shall not be an unlawful employment practice for a club exclusively social or fraternal to use club membership as a uniform qualification for employment, or for a religious association or organization to utilize religious affiliation as a uniform qualification in the employment of clergy, religious teachers or other employees engaged in the religious activities of the association or organization, or in following the tenets of its religion in establishing and utilizing criteria for employment of an employee; provided further, that it shall not be an unlawful employment practice to require the retirement of any employee who, for the two-year period immediately before retirement, is employed in a bona fide executive or a high policy-making position, if that employee is entitled to an immediate non-forfeitable annual retirement benefit from a pension, profit sharing, savings or deferred retirement plan, or any combination of those plans, of the employer of that employee which equals in the aggregate at least $27,000.00; and provided further that an employer may restrict employment to citizens of the United States where such restriction is required by federal law or is otherwise necessary to protect the national interest.

43. New Jersey's Law against Discrimination Section 10:5-12(l) sets forth in pertinent part as follows: [i]t shall be . . . an unlawful discrimination . . . [f]or any person to refuse to buy from, sell to, lease from or to, license, contract with, or trade with, provide goods, services or information to, or otherwise do business with any other person on the basis of the . . . sex . . . of such other person . . ."

44. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

45. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New Jersey's Law against Discrimination.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## AIDING AND ABETTING

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination.   It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:   e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

48. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

49. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

50. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including, but not limited to, all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: February 14, 2018　　　　　　　DEREK SMITH LAW GROUP, PLLC
　　　　Philadelphia, Pennsylvania　　　　*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　Caroline H. Miller, Esquire
　　　　　　　　　　　　　　　　　　　1845 Walnut Street, Suite 1601
　　　　　　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19103
　　　　　　　　　　　　　　　　　　　(215) 391-4790